In the Matter of KLEIN'S DEPART-
MENT STORE, INC., Debtor.

Sheila SOLOMON, Trustee, Plaintiff,

v.

NATIONAL SERVICE INDUSTRIES,
INC., Defendant/Third-Party
Plaintiff,

v.

KLEIN'S OF PLYMOUTH, INC., a Michigan corporation; and Klein's of Livonia, Inc., a Michigan corporation, Third-Party Defendants.

Bankruptcy No. 81–06032–B.
Adv. No. 83–0119–B.

United States Bankruptcy Court,
E.D. Michigan, S.D.

July 16, 1984.

Hertzberg, Jacob & Weingarten, P.C. by Michael H. Traison, Detroit, Mich., for trustee.

Mason, Steinhardt & Jacobs, P.C. by Paul Owen Ashba, Southfield, Mich., for defendant.

## OPINION

GEORGE BRODY, Bankruptcy Judge.

This is an action to recover certain transfers allegedly made in violation of section 547 of the Bankruptcy Code.

Klein's Department Store, Inc. (debtor) was engaged in the retail clothing business. In April of 1981, the debtor ordered shirts from National Service Industries, Inc. (NSI). The shirts were to be manufactured in the Orient and shipped to the seller's warehouse in North Carolina. NSI received the shirts and packed them in cartons on July 25, 1981 in preparation for shipment to Klein's. However, NSI refused to deliver the shirts until the debtor paid a past due balance of $2,944.05. This past due obligation was satisfied by a check dated August 3, 1981. While all this was taking place, the debtor was informed that the building in which its store was located was to be razed. The officers of the debtor, Edward and Emanuel Klein, instead of attempting to find a new location, decided to discontinue the debtor's operation and to open two independent retail stores—Klein's of Plymouth (KOP) to be operated by Emanuel Klein, and Klein's of Livonia (KOL) to be operated by Edward Klein.

■ Prior to termination of its operation, the debtor held a liquidation sale to dispose of all of its inventory and assigned the NSI purchase contract to KOP and KOL, in consideration of KOP and KOL assuming the obligations under the contract. The debtor advised NSI of the assignment, and NSI on August 21, 1981 commenced making shipments of the goods originally ordered by the debtor to KOP and KOL. On October 21, 1981, an involuntary petition in bankruptcy was filed against Klein's, and an order for relief was entered on February 23, 1982. After the filing of the involuntary and before the entry of the order for relief, KOP and KOL paid approximately $14,000 to NSI for the merchandise it received pursuant to the assignment. The trustee filed a complaint to recover the postpetition payments to NSI, alleging that the payments were in fact preferential transfers within the meaning of section 547(b) and, therefore, voidable by the trustee. Section 547(b) of the Code provides that:

> [T]he trustee may avoid any transfer of property of the debtor—

> (1) to or for the benefit of a creditor;

> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

> (3) made while the debtor was insolvent;

> (4) made—

>> (A) on or within 90 days before the date of the filing of the petition;

> .   .   .   .   .

> (5) that enables such creditor to receive more than such creditor would receive if—

>> (A) the case were a case under chapter 7 of this title;

>> (B) the transfer had not been made; and

>> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). To prevail in a preference action, a trustee must establish all the elements set forth in section 547(b). The time of transfer is a crucial element. The transfer must take place prior to the filing of the bankruptcy petition. § 547(b)(4). The transfer sought to be recovered was made after the filing of the involuntary petition. The trustee cannot, therefore, rely on section 547(b) to recover the postpetition payments made to NSI.

■ Nor does the trustee have a right to recover the transfer pursuant to section 549, which deals with a trustee's right to recover postpetition transfers. Section 549 provides:

> (a) Except as provided in subsections (b) and (c) of this section, the trustee may avoid a transfer of property of the estate—

>> (1) that occurs after the commencement of the case;

> . . . .

> (b) In an involuntary case, a transfer that occurs after the commencement of such case but before the order for relief is valid against the trustee to the extent of any value, including services, but not including satisfaction or securing of a debt that arose before the commence-

ment of the case, given after the commencement of the case in exchange for such transfer, notwithstanding any notice or knowledge of the case that the transferee has.

§ 549(a), (b). The trustee, to prevail, must establish that the post-petition transfer sought to be recovered is property of the estate.

■ An analysis of the prepetition events that gave rise to this controversy establishes that the payments received by NSI were not property of the estate. Since the business of the debtor was terminated, the debtor had limited options. It could either breach the contract or assign the contract to another entity. The contract was assigned pursuant to section 440.2210 of the Michigan Uniform Commercial Code.[1] The trustee does not contest the validity of the assignment. Nor does the trustee allege that the assignment was made for an improper purpose. Consequently, after the assignment whatever rights the debtor had by virtue of the contract were acquired by KOP and KOL, and all obligations imposed by the contract were assumed by KOP and KOL. However, the debtor, by virtue of the assignment, was not relieved of "any duty to perform or any liability for breach." M.C.L. § 440.2210(1). *See also,* 4 *Corbin on Contracts* § 866 at 452 (1951). "[A] debt is incurred when it becomes a legally binding obligation of the debtor." *Barash v. Public Finance Corp.,* 658 F.2d 504, 511 (7th Cir.1981). With respect to the sale of goods, the duty to pay the contract price arises when the buyer accepts the goods. M.C.L. § 440.2507; *Hertzberg v. Hirschfield & Sons, Inc. (In re Caro Products, Inc.),* 23 Bankr. 245 (Bankr.E.D.Mich.1982).

Thus, after the goods were delivered and accepted by KOP and KOL, the debtor and KOP and KOL became obligated to pay for them.[2] Therefore, when the involuntary was filed, NSI had a right to payment from KOP, KOL, and the estate for the shirts shipped to KOP and KOL. If NSI filed a claim against the estate, the trustee could have instituted an action to compel KOP and KOL to satisfy the NSI claim, or if a distribution was made on NSI's claim, to recover such distribution. Absent default by KOP and KOL, the trustee had no right of action of any kind against KOP, KOL or NSI. KOP's and KOL's payments to NSI were made to satisfy their individual obligations to NSI and were made from KOP and KOL funds. The funds used were not property of the estate. Accordingly, the trustee has no cause of action pursuant to section 549.

An order consistent with this opinion is to be submitted for entry.

---

**1.** Section 440.2210 provides that:

A party may perform his duty through a delegate unless otherwise agreed or unless the other party has substantial interest in having his original promisor perform or control the acts required by the contract. No delegation of performance relieves the party delegating of any duty to perform or any liability for breach.

M.C.L. § 440.2210(1).

**2.** The trustee apparently contends that the goods were identified at some period in time before

shipment and the debtor and KOL and KOP were obligated to pay for the goods when the goods were identified. Identification merely gives the buyer an insurable interest in the goods, § 440.2501, and the right to recover the goods from an insolvent seller where the buyer has prepaid all or a portion of the purchase price. § 440.2502. Identification, however, does not give rise to an obligation to pay for the goods.